Lisa T. Belenky (CA Bar No. 203225)
John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, California 94612
T: (510) 844-7107
F:     (510) 844-7150
lbelenky@biologicaldiversity.org
jbuse@biologicaldiversity.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | Civ. No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| ARMANDO QUINTERO, in his official capacity as Director of California Department of Parks and Recreation; WADE CROWFOOT, in his official capacity as California Secretary for Natural Resources, | **(Endangered Species Act, 16 U.S.C. §§ 1531, *et seq*.)** |
| Defendants. | |

## INTRODUCTION

1.   Plaintiff Center for Biological Diversity brings this action under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, against Defendants Armando Quintero and Wade Crowfoot, in their official capacities ("Defendants") for causing the illegal "take" of threatened western snowy plovers. Specifically, Plaintiff challenges Defendants' authorization of motorized vehicle activities in snowy plover habitat in the Oceano Dunes State Vehicle Recreation Area ("Oceano Dunes SVRA"). Such activities have previously led to the unlawful "take" of

threatened western snowy plovers, including death and physical injury, in violation of Section 9 of the ESA, *id.* § 1538(a)(1)(B), and Defendants' recent authorization to resume such activities is reasonably certain to cause the killing, injuring, and other forms of taking snowy plovers to continue in the future.

2.   Motorized vehicle activities authorized and permitted by State Parks at Oceano Dunes have resulted in prohibited take of snowy plovers through direct killing, harming, and harassment. For example, plovers have been found dead or injured at Oceano Dunes in vehicle tracks and plover habitat has been disturbed and destroyed by vehicle use at Oceano Dunes.

3.   Accordingly, Plaintiff seeks a declaration that, in the absence of an "incidental take permit" issued in accordance with section 10 of the ESA, Defendants' actions violate the ESA's prohibition on "take" of listed species. Plaintiff also seeks prospective injunctive relief to protect snowy plover from further unlawful take due to Defendants' illegal actions and omissions.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and under 16 U.S.C. § 1540(c) because this action arises under the ESA citizen suit provision. An actual, justiciable controversy now exists between Plaintiff and Defendants, and the requested relief is proper under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), and 16 U.S.C. § 1540(g) (citizen suit provision of the ESA).

5.   Plaintiff provided Defendants and the U.S. Secretary of Interior with notice of Plaintiff's intent to sue over the violations of law alleged in this Complaint more than sixty (60) days ago. Defendants have not remedied these violations of law.

6.   Venue is proper in this district pursuant to 16 U.S.C. § 1540(g)(3)(A)

1   because the violations of the ESA are occurring in this district and pursuant to 28

2   U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims

3   occurred in this district.

4        7.   Assignment to the Western Division of this Court is proper under

5   I.B.1.a.(1)(c)(3) (Non-Removed Cases Not Involving the United States).

6   **PARTIES**

7   **Plaintiff**

8        8.   Plaintiff Center for Biological Diversity (the "Center") is a national non-

9   profit conservation organization with over 81,000 members dedicated to the

10   protection of biodiversity and ecosystems throughout the world.  The Center works

11   through science, law, and creative media to secure a future for all species, great

12   and small, hovering on the brink of extinction, with a focus on protecting the lands,

13   waters, and climate that species need to survive.  The Center has offices in

14   California and over 17,000 members across the state.  The Center actively

15   advocates for the protection of imperiled species and habitats, including for

16   protection of the lands and resources within the Oceano Dunes SVRA and Pismo

17   State Beach that are at issue in this case.  Center members have specific interests in

18   birds, plants, and fish species that inhabit these state parklands and in the quiet

19   enjoyment of these lands and waters.  Center members have visited and will

20   continue to visit the Oceano Dunes SVRA and Pismo State Beach to view,

21   photograph, and study its resources, including animals including the threatened

22   Western snowy plover, endangered California least tern, threatened central-

23   southern California steelhead, and endangered tidewater goby ((Eucyclogobius

24   newberryi) as well as ESA listed plants such as the endangered La Graciosa thistle

25   (*Cirsium scariosum var. loncholepis*), Nipomo Mesa lupine (*Lupinus nipomensis*),

26   Gambel's watercress (*Nasturtium [Rorippa] gambelii*) and Marsh sandwort

27   (*Arenaria paludicola*). Center members have visited and intend to continue to visit

the Oceano Dunes SVRA to enjoy the natural beach and unique coastal high dunes and to view, study and photograph these natural areas.

9.    Plaintiff and its members have been, are being, and will continue to be adversely affected and irreparably injured by State Parks' authorization and re-authorization of motorized vehicle activity in the Oceano Dunes SVRA that "takes" snowy plovers, degrades and destroys snowy plover habitat, and harms other listed species and their habitats. The activities authorized by State Parks harm Plaintiff's and their members' ability to observe, study, photograph and enjoy snowy plovers along with the many other threatened, endangered and imperiled species that inhabit the Oceano Dunes SVRA and Pismo State Beach, and thus, cause them to suffer actual injury in fact that is concrete and particularized. Observing destructive vehicle activity in snowy plover habitat, as authorized by Defendants, seriously impairs the recreational and aesthetic experience of Plaintiff's members who regularly visit Oceano Dunes SVRA and Pismo State Beach in order to observe and enjoy snowy plovers and other wildlife. State Parks' authorization of activities that foreseeably and predictably result in  "take" of snowy plover, including death, injury, and harassment, therefore seriously injures Plaintiff's and its members' ability to observe, study and enjoy snowy plover and its habitat and other species found at Oceano Dunes and causes harm to their interests.

10.  The above-described aesthetic, recreational, scientific, educational, and other interests have been, are being and, unless the relief prayed herein is granted, will continue to be adversely affected and irreparably injured by Defendants' continued refusal to comply with their obligations under the ESA. The relief sought in this case will redress these injuries.

**Defendants**

11. Defendant ARMANDO QUINTERO, is the Director of California Department of Parks and Recreation ("State Parks") and is sued in his official

1  capacity. State Parks is a department within the State of California's Natural

2  Resources Agency. State Parks is responsible for managing activities within

3  California's parks including the protection of natural resources within Oceano

4  Dunes State Vehicular Recreation Area and Pismo Beach State Park.

5      12. Defendant WADE CROWFOOT, California Secretary for Natural

6  Resources and is sued in his official capacity. The Secretary for Natural Resources

7  is the official ultimately responsible under state law for the actions and inactions of

8  the State Parks and for ensuring that State Parks' actions and management decisions

9  at Oceano Dunes SVRA comply with applicable laws and regulations.

10      13. Defendants are "persons" within the meaning of the ESA's citizen suit

11  provision, *see* 16 U.S.C. §§ 1532(13), 1540(g)(1)(A), and subject to the ESA's

12  requirements and prohibitions.

13                    **STATUTORY BACKGROUND**

14  **Endangered Species Act**

15      14. The ESA is the "most comprehensive legislation for the preservation of

16  endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437

17  U.S. 153, 180 (1978). Its primary purposes are "to provide a means whereby the

18  ecosystems upon which endangered species and threatened species depend may be

19  conserved" and "to provide a program for the conservation of such endangered

20  species and threatened species." 16 U.S.C. § 1531(b).

21      15. The ESA defines a "species" to include "any subspecies of fish or

22  wildlife or plants, and any distinct population segment of any species of vertebrate

23  fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16).

24      16. Section 4 of the ESA requires the U.S. Fish and Wildlife Service and

25  National Marine Fisheries Service (renamed NOAA Fisheries), the federal agencies

26  that administer the ESA with for terrestrial and marine species, to list species as

27  "endangered" or "threatened" when they meet the statutory listing criteria. 16

U.S.C. § 1533. An "endangered" species is "in danger of extinction throughout all or a significant portion of its range," and a "threatened" species is "likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id*. § 1532(6), (20).

17. Once a species is listed, the ESA provides a variety of procedural and substantive protections to ensure not only the species' survival, but also its ultimate recovery. Section 9 of the ESA makes it "unlawful for any person" to "take any [endangered] species within the United States or the territorial sea of the United States." 16 U.S.C. § 1538(a)(1)(B). This prohibition on "take" also applies to certain threatened species, including the western snowy plover and south-central California steelhead. 16 U.S.C. § 1538(a)(1)(G); 50 C.F.R. § 17.31(a) (snowy plover); 50 C.F.R. § 223.203(a) (threatened west coast steelhead).

18. It is also unlawful for "any person" to "cause to be committed" any offense described in Section 9, including take of endangered species, or a violation of regulations pertaining to threatened and endangered species. 16 U.S.C. § 1538(g).

19. The term "take" is defined broadly as "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or attempt to engage in any such conduct." 16 U.S.C. § 1532(19).

20. "Harm" means "an act which actually kills or injures wildlife," including habitat modification or degradation that "injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." 50 C.F.R. § 17.3. "Harass" means "an intentional or negligent act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to significantly disrupt normal behavioral patterns which include, but are not limited to, breeding, feeding, or sheltering." *Id.* "Take" includes both direct and indirect harm and it need not be purposeful.

21. The term "person" includes "any officer, employee, agent, department, or instrumentality . . . of any State, municipality, or political subdivision of a State." 16 U.S.C. § 1532(13).

22. Under the ESA, "a governmental third party pursuant to whose authority an actor directly exacts a taking . . . may be deemed to have violated the provisions of the ESA." *Strahan v. Coxe*, 127 F.3d 155, 163 (1st Cir. 1997).

23. Activities undertaken by federal agencies or that require federal approval can obtain authorization for incidental take under Section 7 of the ESA through federal agency consultation and the issuance of a biological opinion. 16 U.S.C. § 1536(a)(2). Before any person or non-federal agency may engage in or authorize any activity likely to incidentally take a listed species, they must first obtain an incidental take permit under Section 10 of the ESA from the U.S. Fish and Wildlife Service or NOAA Fisheries (depending on the species) for taking threatened and endangered species "incidental to, and not the purpose of, . . . an otherwise lawful activity." 16 U.S.C. § 1539(a)(1)(B). Activities authorized under such a permit may "not appreciably reduce the likelihood of the survival and recovery of [any endangered or threatened] species in the wild." *Id.* § 1539(a)(2)(B)(iv). The ESA further conditions the issuance of an incidental take permit on the applicant developing and committing to implement a habitat conservation plan that, among other things, minimizes and mitigates the impacts of any incidental take of endangered and threatened species to the maximum extent practicable. *Id.* § 1539(a)(2)(A)(ii), (B)(ii).

## FACTUAL BACKGROUND

### Snowy Plover, California Least Tern, and South-Central California Steelhead

24. The western snowy plover (*Charadrius alexandrinus nivosus*) is a small shorebird. The Pacific coast population of the snowy plover breeds primarily on coastal beaches from southern Washington to southern Baja California, Mexico.

The U.S. Fish and Wildlife Service (the "Service") listed the Pacific coast population of the snowy plover as a threatened species under the ESA in 1993. 58 Fed. Reg. 12864 (March 5, 1993). In listing the snowy plover, the Service determined that off-road vehicles pose a significant threat to snowy plovers, especially in nesting areas where motor vehicles can crush eggs or nestlings and/or flush adult plovers from nest sites resulting in nest abandonment and/or mortality to nestlings. 58 Fed. Reg. at 12871-12872. Nesting generally occurs in Central and Southern California between March and September. During fall and winter, outside of the nesting season, many snowy plovers continue to inhabit these beaches and remain at risk from off-road vehicle use on beaches where they are foraging.

25. The designated critical habitat for the plover includes areas within the Oceano Dunes SVRA. 77 Fed. Reg. 36728-36869 (June 19, 2012); *see id.* at 36850 (map).

26. Snowy plovers nest and breed within the Oceano Dunes SVRA between March and September. During this breeding season, nesting snowy plovers are protected to some extent from vehicles and other human interference by fenced exclosures. Snowy plovers also over-winter at Oceano Dunes SVRA and are thus present on the beach and in the SVRA long after the exclosures are removed.

27. State Parks has documented incidents in which snowy plovers have been killed by motorized vehicle activities at Oceano Dunes SVRA. In 2016 several dead plovers were found in the riding area with signs of blunt trauma and in tire tracks. For example, in March 2016 one snowy plover was found dead in tire tracks and another was found crushed in the riding area; on October 10, 2016 a snowy plover was found dead in a vehicle track; on November 1, 2016 a snowy plover was found dead in a vehicle track; and 2 additional snowy plover were found dead in vehicle tracks later in November 2016. 2016 Oceano Dunes SVRA Annual Report, Table G.4, at p. 140; U.S. FWS letter dated Dec. 22, 2016 at 1. State Parks'

documents also show plover carcasses found dead, flattened or crushed in or near tire tracks: at least four additional plovers were found dead in vehicle tracks in 2017:  six plovers were found dead in 2018, and four plovers were found dead in 2019 through November 3. 2017, 2018, 2019 Oceano Dunes SVRA Annual Reports. For example, on November 3, 2019, "a dead adult plover banded AG:AV, was found in the riding area south of marker post 8 in the camping area. The carcass was fresh and intact, in an area with multiple tire tracks. This adult fledged from the Salinas River National Wildlife Refuge in 2017 and was confirmed wintering at [Oceano Dunes] in 2017-19. It was last seen alive the day before on 2 November at the shoreline near marker post 8." Nesting of the California Least Tern and Western Snowy Plover at Oceano Dunes State Vehicular Recreation Area, San Luis Obispo county, California, 2019 Season at 131.

28.  In addition to killing and injuring snowy plovers, activities at the Oceano Dunes SVRA are impairing habitat of and may be causing take, including harm and harassment, of endangered California least tern (*Sterna antillarum browni*) and threatened south-central California steelhead (*Oncorhynchus mykiss*). For example, in order for motorized vehicles access the beach camping area or the dunes they must first cross Arroyo Grande Creek which is designated critical habitat for the south-central steelhead.  Motorized vehicles cross in the creek may cause "take" of south-central California steelhead by direct harm to individuals as well as through impacts to designated critical habitat such as changes in the creek bed and banks and through water quality degradation.

**Oceano Dunes SVRA**

29.  The Oceano Dunes SVRA is a unit of the California State Parks' system that is jointly managed with the adjacent Pismo State Beach.

30.  Due to the Covid-19 crisis Oceano SVRA was closed to public motorized vehicles on March 28, 2020, and all other state parks were closed to

motorized vehicles on March 29, 2020. See State Parks' news release https://www.parks.ca.gov/NewsRelease/947  For the first time in many years, snowy plovers are able to utilize more of the suitable habitat at ODSVRA for nesting and foraging, including in areas where they have not been able to safely nest or forage in the past due to interference from off-road vehicles and other motorized vehicles on the beach.

31.  The current status quo on the ground at Oceano Dunes is that snowy plovers are nesting and foraging more widely along the beach and foredunes at Oceano Dunes than they have in years where off-road motorized vehicles were riding on the beach and the dunes and those and other motorized vehicles were parking on the beach and foredunes.

32. On October 20, 2020, State Parks announced that they would begin reopening Oceano Dunes SVRA to motorized vehicles in three phases. The first phase beginning October 30, 2020 would allow "street-legal" motorized vehicles (jeeps and trucks) to drive on the dunes from 7 am to 8 pm daily. Eight pm is well after sunset in the winter. Night driving on dunes and beaches can cause serious adverse impacts to the native plants and animals from artificial night light and noise which introduce extreme disturbances to the night-time environment. When dune and beach driving is allowed during the day, night-time is the only reprieve from disturbance for the birds and other animals living in this area.  "California State Parks Announces Phased Reopening Plan for Vehicular Use at Oceano Dunes State Vehicular Recreation Area and Pismo State Beach" https://www.parks.ca.gov/NewsRelease/980 The news release also states: "the daily allowed number of "street legal" vehicles will be temporarily limited to 1,000 per day, for both park units."  In order to access the dunes motorized vehicles must enter the SVRA at the Grand Avenue and Pier Avenue entrances, drive past the creek mouth or cross Arroyo Grande Creek when it is flowing, and drive across

approximately 3-4 miles of beach front to reach the dunes.

33. In anticipation of reopening State Parks has been grading and "grooming" portions of the beach to facilitate motorized vehicle use of Oceano Dunes. In addition to the risk of directly killing plovers, motor vehicle use on the beach and dunes as well as beach grading and grooming will inevitably harm and harass plovers by significantly modifying and degrading the habitat and annoying plovers such that normal and essential behavior patterns (including breeding, feeding, or sheltering) are disrupted. *See* 50 C.F.R. § 17.3 (definitions).

## PROCEDURAL BACKGROUND

34. On July 19, 2017, Plaintiff notified Defendants and the Secretary of the Interior of the violations complained of herein, that notice is attached as Attachment A and is hereby incorporated by reference as if stated herein in full. On June 10, 2020, Plaintiff provided a supplemental notice to Defendants and the Secretary of the Interior regarding new information about activities State Parks was engaging in to harass plovers and limit nesting opportunities at Oceano Dunes SVRA while the area was closed to motorized vehicles, that notice is attached as Attachment B and is hereby incorporated by reference as if stated herein in full.

35. In response to Plaintiff's 2017 notice, State Parks began the process of applying for an incidental take permit and developing a habitat conservation plan. A draft plan ("HCP") was circulated to the public by State Parks in February 2020; the U.S. Fish and Wildlife Service has not yet circulated the needed federal environmental review documents or a draft permit. To date, no final HCP has been adopted and no incidental take permit has been issued.

## CLAIM FOR RELIEF

### (Violations of Section 9 of the ESA)

36. Plaintiff re-alleges and incorporates, as if fully set forth herein, each and every allegation in the preceding paragraphs of this Complaint.

Complaint for Declaratory and Injunctive Relief

37.  Defendants' authorization of motorized activities and management of Oceano Dunes State Vehicle Recreation Area is killing, injuring, harming, harassing, and otherwise causing "take" of snowy plover, in violation of the ESA. 16 U.S.C. §§ 1538(a)(1)(B), 1538(a)(1)(G); 50 C.F.R. § 17.31(a) (snowy plover). It is reasonably certain that, as a result of Defendants' authorization and management, snowy plovers will continue to be killed, injured, harmed, and harassed in violation of the ESA.

## REQUEST FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests that the Court:

A.  Declare that Defendants have violated and are violating the Endangered Species Act by taking listed species without an incidental take permit;

B.  Enjoin Defendants from continuing to authorize and permit activities that "take" threatened snowy plovers without an incidental take permit from the U.S. Fish and Wildlife Service under the Endangered Species Act;

C.  Award Plaintiff the costs of this litigation, including reasonable attorney's fees; and

D.  Grant Plaintiff such additional relief as may be just and proper.

Respectfully submitted,

Dated: October 29, 2020

/s/ Lisa T. Belenky

Lisa T. Belenky (CA Bar No. 203225)
John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, California 94612
T:     (510) 844-7107
F:     (510) 844-7150
lbelenky@biologicaldiversity.org
jbuse@biologicaldiversity.org

*Attorneys for Plaintiff*

Attachment A:

July 19, 2017, Notice of Intent to Sue for Violations of Section 9 of the Federal Endangered Species Act for Taking Western Snowy Plover, Oceano Dunes State Vehicular Recreation Area

CENTER for BIOLOGICAL DIVERSITY                    *Because life is good.*

**VIA EMAIL AND**
**CERTIFIED MAIL, RETURN RECEIPT REQUESTED (with attachments on disk)**

July 19, 2017

John Laird
Secretary for Natural Resources
Cal. Natural Resources Agency
1416 Ninth Street, Suite 1311
Sacramento, CA 95814
Email: john.laird@resources.ca.gov

Lisa Mangat, Director
Cal. Department of Parks & Recreation
PO Box 942896
Sacramento CA 94296-0001
Email: LisaAnn.Mangat@parks.ca.gov

Charlton H. Bonham
Director, Cal. Dept of Fish & Wildlife
1416 9th Street, 12th Floor,
Sacramento, CA 95814
Email: director@wildlife.ca.gov

Paul Souza, Regional Director
U.S. Fish and Wildlife Service
Region 8 - Pacific Southwest Region
2800 Cottage Way, Room W-2606
Sacramento, CA 95825
Email: paul_souza@fws.gov

Ryan Zinke, Secretary
U.S. Department of the Interior
1849 C Street, N.W.
Washington DC 20240
Email:  Secretary_Zinke@ios.doi.gov
exsec@ios.doi.gov

**Re:**   **Notice of Intent to Sue for Violations of Section 9 of the Federal Endangered Species**
**Act for Taking Western Snowy Plover, Oceano Dunes State Vehicular Recreation Area**

Dear Secretary Laird, Director Mangat, and Director Bonham, Regional Director Souza, and
Secretary Zinke,

I am writing on behalf of the Center for Biological Diversity (the "Center") to inform you of
violations of the Endangered Species Act, 16 U.S.C. § 1531, *et seq.* ("ESA") arising from
activities authorized by the California Department of Parks and Recreation ("State Parks") at
Oceano Dunes State Vehicular Recreation Area, and to request that you take immediate action to
remedy these violations.  This letter is provided to you pursuant to the 60-day notice requirement
of the ESA's citizen suit provision, to the extent such notice is deemed necessary by a court.  16
U.S.C. § 1540(g)(2).  The activities described in this notice violate the take provisions of the
ESA and, if they are not curtailed, the Center intends to commence a civil action against you and
other responsible state officials or employees, acting in their official capacity, for violations of
section 9 of the ESA.  16 U.S.C. § 1538(a)(1)(B).

Alaska · Arizona · California · Florida · Minnesota · Nevada · New Mexico · New York · Oregon · Vermont · Washington, DC

1212 Broadway, Suite 800 · Oakland, CA 94612 · Phone:  510-844-7100 · Fax:  510-844-7150

1.    Statutory Framework

Section 9 of the ESA specifically prohibits the "take" of an endangered species, 16 U.S.C. §
1538(a)(1)(B), a term broadly defined to include harassing, harming, pursuing, wounding or
killing such species, 16 U.S.C. § 1532(19).  The term "harm" is further defined to include
"significant habitat modification or degradation where it … injures wildlife by significantly
impairing essential behavioral patterns, including breeding, feeding or sheltering." 50 C.F.R.
§17.3  "Harass" includes any "act or omission which creates the likelihood of injury to wildlife
by annoying it to such and extent as to significantly disrupt normal behavior patterns which
include, but are not limited to, breeding, feeding, or sheltering." *Id.*  The ESA's legislative
history supports "the broadest possible" reading of "take." *Babbitt v. Sweet Home Chapter of
Communities for a Great Oregon,* 515 U.S. 687, 704-05 (1995).  "Take" includes direct as well
as indirect harm and need not be purposeful. *Id.* at 704; *see also National Wildlife Federation v.
Burlington Northern Railroad,* 23 F.3d 1508, 1512 (9th Cir. 1994).  The ESA's prohibition on
take applies equally to threatened species, unless a species-specific rule promulgated by the FWS
pursuant to ESA section 4(d) provides otherwise.  50 C.F.R. § 17.31(a).

The take prohibition applies to any "person," 16 U.S.C. § 1538(a)(1), including state agencies,
16 U.S.C. § 1532(13).  The ESA further makes it unlawful for any person, including state
agencies, to "cause to be committed" the take of a species.  16 U.S.C. § 1538(g).  Violations of
Section 9 are enforceable under the ESA's citizen-suit provision.  16 U.S.C. § 1540(g).

Courts have repeatedly held that government regulations authorizing third parties to engage in
harmful actions can constitute an illegal taking under Section 9 of the ESA.  *See Strahan v. Coxe*,
127 F.3d 155, 158, 163-64 (1st Cir. 1997), *cert. denied*, 525 U.S. 830 (1998) (state agency
caused takings of the endangered right whale because it "licensed commercial fishing operations
to use gillnets and lobster pots in specifically the manner that is likely to result in violation of
[the ESA]"); *Defenders of Wildlife v. Administrator, Envtl. Protection Agency*, 882 F.2d 1294,
1300-01 (8th Cir. 1989) (federal agency caused takes of endangered black-footed ferret through
its "decision to register pesticides" even though other persons actually distributed or used the
pesticides); *Loggerhead Turtle v. City Council of Volusia County*, 148 F.3d 1231, 1253 (11th
Cir. 1998) (county's inadequate regulation of beachfront artificial light sources may constitute a
taking of turtles in violation of the ESA).

The ESA authorizes private enforcement of the take prohibition through a broad citizen suit
provision.  "[A]ny person may commence a civil suit on his own behalf to enjoin any person,
including … any … governmental instrumentality or agency … who is alleged to be in violation
of any provision of [the ESA].  U.S.C. § 1540(g).  A plaintiff can seek to enjoin both present
activities that constitute and ongoing take and future activities that are reasonably likely to result
in take.  *See Burlington Northern Railroad,* 23 F.3d 1508 at 1511.

2.    The Oceano Dunes State Vehicular Recreation Area

The Oceano Dunes State Vehicular Recreation Area ("SVRA") includes both state owned lands
and county owned lands near the community of Oceano in San Luis Obispo County, California.
The SVRA includes approximately 1,500 acres of sand dunes and 5.5 linear miles of beach areas
open for use by motorized vehicles.  This area is operated and managed by State Parks pursuant

to the SVRA's 1975 General Development Plan and Resource Management Plan ("Plan"), as amended in 1994.  Under that plan, State Parks allows street-legal vehicles to operate on the beach in the northern portion of the SVRA, while the southern portion is open to off-highway vehicles ("OHVs") and vehicular camping.   Oceano Dunes SVRA is open throughout the year. The Plan authorizes both general use of the SVRA and special OHV events.  In addition to the general vehicle use permitted within the Oceano Dunes SVRA, in the past the State Parks has permitted a number of special OHV events. Unfortunately, the existing management plan is woefully outdated[1] and the State Parks' management of the area has repeatedly failed to adequately protect the many imperiled species and their habitats that are found on these public lands.

Although State Parks has adopted nesting season management plans that address some impacts to listed birds, including most recently the 2017 plan,[2] harm continues to occur.  Oceano Dunes SVRA does not have any incidental take authorization for the endangered species found there – State Parks has no section 10 HCP or section 7 biological opinion[3]  that would cover the snowy plover and California least tern, which continue to be harassed, harmed and even killed by activities at the SVRA.[4]

The Oceano Dunes SVRA also operates pursuant to a Coastal Development Permit ("CDP") issued by the California Coastal Commission ("Commission") which allows up to 1,000 registered camping vehicles (including an unlimited number of OHVs associated with registered campers) and 4,300 day use vehicles (of which 1,720 can be OHVs) per day and contains additional requirements during special events.

In January 2017, the Commission held a hearing to consider amendments to the CDP and the Commission's staff report showed that the limits in the existing permit have not been consistently adhered to by the State Parks in managing the SVRA. The 2017 Commission Staff

---

[1] In 2017 a dust plan was adopted but other aspects of the plan have not been updated. Notably, in June 2017 the San Luis Obispo County Air Pollution Control District issued a Notice of Violation to State Parks for violations of air district rules (Attachment 1).

[2] 2017 Nesting Season Management Plan to Avoid Take of the California Least Tern and Western Snowy Plover at Oceano Dunes State Vehicular Recreation Area, San Luis Obispo County, California, February 2017 (Attachment 2).

[3] "On March 21, 2001 the California Department of Parks and Recreation (DPR), Oceano Dunes District State Vehicular Recreation Area's (ODSVRA, SVRA) incidental take authorization pursuant to Section 7 of the Endangered Species Act expired. The incidental take authorization with the U.S. Army Corps of Engineers (ACOE) was not renewed. The ACOE determined that the activity being conducted at the ODSVRA was no longer under ACOE jurisdiction. Therefore ODSVRA lost the federal nexus needed to renew the Section 7 permit."  2017 Nesting Season Management Plan.

[4] See Nesting of the California Least Tern and Western Snowy Plover at Oceano Dunes State Vehicular Recreation Area, San Luis Obispo County, California, 2016 Season, November 2016 (Attachment 3); USFWS letter dated Dec. 22, 2016, "Oceano Dunes State Vehicular Recreation Area, Second Notice of Additional Endangered Species Act Violations" pp.15 (Attachment 4, also available at https://documents.coastal.ca.gov/reports/2017/1/th14a-1-2017.pdf Coastal Commission Staff Report at pdf 171); USFWS letter dated March 29, 2016, "Oceano Dunes State Vehicular Recreation Area Endangered Species Act Violations and Habitat Conservation Plan" (Attachment 5, also available in Coastal Comm. Staff Report at pdf 177).

Report and letters submitted to the Commission also raised concerns with impacts to snowy plovers, California least terns and to steelhead habitat, discussed more fully below.  After the hearing, the Commission continued consideration of amendments to the CDP until the September 2017 in Cambria, California. [5]

3.    The Western Snowy Plover

The western snowy plover (*Charadrius alexandrinus nivosus*) is a small shorebird.  The Pacific coast population of the snowy plover breeds primarily on coastal beaches from southern Washington to southern Baja California, Mexico.  Nesting generally occurs on flat open areas, such as sand spits, dune-backed beaches, beaches at creek and river mouths, and salt pans at lagoons and estuaries.  Nests are generally shallow depressions in sand, with most nests in southern California located within 100 meters of water.  Most snowy plovers return to the exact same location for nesting year after year.  Breeding season in southern California begins in early or mid-March, with fledging extending through the third week in September.  Snowy plovers winter on many of the same beaches used for breeding, generally congregating in loose flocks for roosting and foraging during winter.

The U.S. Fish and Wildlife Service (the "Service") listed the Pacific coast population of the snowy plover as a threatened species under the ESA in 1993.  58 Fed. Reg. 12864 (March 5, 1993).  In listing the snowy plover, the Service determined that off-road vehicles pose a significant threat to snowy plovers, especially in nesting areas where motor vehicles can crush eggs or nestlings and/or flush adult plovers from nest sites resulting in nest abandonment and/or mortality to nestlings.  *Id*. at 12871-12872. Nesting generally occurs in Southern California between March and September.   Even during fall and winter, outside of the nesting season, snowy plover remain at risk from off-road vehicle use on beaches where they are foraging.

In 1999, the Service designated approximately 18,000 acres in Washington, Oregon, and California as critical habitat for the snowy plover, including beach portions of the Oceano Dunes SVRA.  64 Fed. Reg. 68508, 68517 (December 7, 1999).  Following a lawsuit by development and OHV interests, the Service voluntarily remanded this critical habitat designation and issued a new final designation in 2005.  70 Fed. Reg. 56970 (September 29, 2005).  The 2005 designation excluded the open riding area of the Oceano Dunes SVRA based on the Service's conclusion that it was not essential to the conservation of the snowy plover because it was subject to regular disturbance from both street legal vehicles and OHVs.  *Id*. at 57004.  In addition, the 2005 designation concluded that portions of the Oceano Dunes SVRA coastal strand outside the open riding area, were essential to the conservation of the snowy plover, but excluded these areas on economic grounds under section 4(b)(2) of the ESA.  *Id*.[6]  In 2012, the Service revised the critical habitat designation and, as most relevant here, expanded the areas covered in Unit 31 to

---

[5] The Center has urged the Commission to ensure through the CDP amendment process that the revised coastal development permit clearly prohibits and disapproves of any activities likely to result in future violations of the ESA. *See* Jan. 6, 2017 CBD letter to Commission (Attachment 6). Absent such amendments, the Commission may also be liable for that take to the extent the activities are permitted under the CDP.

[6] In 2006, the Service issued a proposed special rule for the snowy plover under section 4(d) of the ESA that would replace the blanket take prohibition of section 9.  That special rule was never adopted.

include areas within the Oceano Dunes SVRA riding area.  77 Fed. Reg. 36728-36869 (June 19, 2012); *see id.* at 36733 (response to comments), 36850 (map).

Snowy plovers nest and breed within the Oceano Dunes SVRA between March and September. During this breeding season, nesting snowy plovers are protected to some extent from vehicles and other human interference by fenced exclosures.  Snowy plovers also over-winter at Oceano Dunes SVRA and are thus present on the beach and in the SVRA *long after* the exclosures are removed.  The exclosures were expanded pursuant to a 2003 settlement agreement between the State Parks and the Sierra Club.  That same settlement agreement anticipated that State Parks would obtain take authorization for impacts to snowy plovers and other species through a valid Habitat Conservation Plan ("HCP") from the U.S. Fish and Wildlife Service.  However, to date, 14 years later the State Parks has failed to do so.

Despite the State Parks' adoption and implementation of nesting season management plans, significant documented take of snowy plover associated with ORV activities has continued. Most recently, in 2016 several dead plovers were found in the riding area with signs of blunt trauma and in tire tracks.  For example, in March 2016 one snowy plover was found dead in tire tracks and another was found crushed in the riding area, on October 10, 2016 a snowy plover was found dead in a vehicle track, on November 1, 2016 a snowy plover was found dead in a vehicle track, and 2 additional snowy plover were found dead in vehicle tracks later in November 2016.[7]

4.    California Least Tern

The California Least Tern (*Sterna antillarum browni*)  is listed as an endangered species under the Federal ESA and is also listed as an endangered species under the California Endangered Species Act ("CESA") and a fully protected species under California law. The California least tern nests in colonies on the Pacific coast of California and Baja, Mexico on relatively open beaches where vegetation is limited by the tidal scouring.  California least tern could formerly be found in great abundance from Moss Landing, Monterey County, California to San Jose del Cabo, southern Baja California, Mexico. It was impacted in the 19th and early 20th century by the millinary trade which collected feathers for women's hats, but not to the degree that many east coast birds were. The Migratory Bird Treaty Act of 1916 ended the threat, but the least tern plummeted again some decades later due to growing development and recreational pressures which destroyed habitat, disturbed birds, and increased predation by introduced and native species. The construction of the Pacific Coast Highway brought all these threats to much of California's coast. By the 1940s, terns were gone from most beaches of Orange and Los Angeles counties and were considered sparse elsewhere. To avoid humans, some tern colonies nest at more inland mudflat and dredge fill sites, which appears to make them more susceptible to predation by foxes, raccoons, cats and dogs.

When placed on the endangered species list in 1970, just 225 nesting tern pairs were recorded in California. The U.S. Fish and Wildlife Service recovery plan was issued in 1980 and revised in 1985. The Service issued a Recovery Plan in 2001.  Protection of nest beaches from development, degradation and disturbance, predator control, and recreation management initially

---

[7] 2016 ODSVRA Annual Report, Table G.4, at p. 140; USFWS letter dated Dec. 22, 2016 at 1.

resulted in increased populations of 1,200 pairs in 1988 with a high of 7,117 pairs in 2009. The species declined to 4,353 pairs in 2013.  The breeding pairs at ODSVRA have shown a similar pattern with the highest numbers in 2008 and 2009 and some decline since that time.[8]

California Least tern generally nest between March and September, when they are most at risk from human disturbance during nesting season. Like plovers, terns are also harmed when made to flush from nesting and foraging activities by noise and disturbance associated with human activities including ORV use.  While some human disturbance has been managed with fencing at nesting areas, it has not been entirely successful at Oceano SVRA. The design and management of the exclosures to protect California least terns at Oceano SVRA has not always been in accordance with best practices including those recommended by the California Department of Fish and Wildlife.[9]  For example, in the past, mortalities have resulted from collisions with poorly designed fences on the exclosures.[10]  The most recently documented non-predation mortalities in 2016 appear to have been from unknown causes.

5.    South-Central California Steelhead

Arroyo Grande Creek within the Oceano Dunes SVRA in part of the designated critical habitat for threatened south-central California steelhead.  When the creek is flowing across the beach seasonally in winter and spring, vehicles crossing the creek and driving in the creek-bed may adversely affect steelhead habitat.

In April 2008, State Parks adopted a plan to avoid take of South-Central California Coast Steelhead in San Luis Obispo Coastal Units of the State Park System. That document noted that motor vehicles crossing Arroyo Grande creek could potentially affect steelhead.  State Parks also adopted motor vehicle restrictions regarding crossing Arroyo Grande Creek, stating:

> It is prohibited to cross Arroyo Grande Creek in any other manner than by crossing the creek as close to the ocean waterline as possible and parallel to the ocean waterline. Driving upstream or downstream in the creek channel or in any other manner in the creek channel is prohibited. If the creek crossing is posted "closed", crossing the creek is prohibited.[11]

Unfortunately, these restrictions appear to be often ignored and rather than only crossing the creek in the manner described, many ORVs have continued to drive in and through the creek more widely.[12]

---

[8] *See* 2016 ODSVRA Annual Report, at p. 17-18.

[9] *See* CDFW letters dated March 3, 2016 and July 3, 2015 (Attachment 7, Attachment 8).

[10] *See* CDFW letter dated March 3, 2016 re 2014 tern deaths.

[11] Department of Parks and Recreation, OHMVR Division, Oceano Dunes District, Oceano Dunes SVRA and Pismo State Beach, Order No. 554-005-2015, January 26, 2015, Motor Vehicle Operation (Attachment 9).

[12] When additional restrictions were posted in winter 2017, local observers noted that these signs were largely ignored.

On January 10, 2017, NOAA Fisheries suggested specific revisions to new draft creek-crossing guidelines to protect steelhead particularly when the water is over 1 foot deep at the crossing including surveying for smolts prior to crossings or closing the creek crossing during and after storm events for up to 48 hours or until the water has receded.   To date, the Center can find no evidence that State Parks has adopted additional protective creek-crossing guidelines including the suggested revisions from NOAA Fisheries.  As a result, potential impacts to South-Central California steelhead populations and its critical habitat are likely to be occurring, including through water quality degradation, changes in the creek bed and banks, and direct impacts to fish.

6.      Violation of the ESA

The available information shows that activities authorized and permitted by State Parks have resulted in prohibited take of snowy plovers through direct killing, harming, and harassment. [13] This take is the direct and proximate consequence of the State Parks' management of the Oceano Dunes SVRA and specifically State Parks' authorization of motorized vehicle use within occupied snowy plover habitat.  It is reasonably foreseeable that future activities permitted by the State Parks at the Oceano Dunes SVRA, including special events and general motorized vehicle use in snowy plover habitat, will result in additional prohibited take of snowy plovers.  So long as the State Parks allows motorized vehicle use in areas occupied by snowy plovers without adequate protective measures, the State Parks is committing an ongoing take in violation of the ESA.

No exception or authorization exists that would allow the taking of snowy plovers.[14]  Although Section 10 of the ESA provides for HCPs that, if approved by the Service, could authorize a certain level of take, State Parks does not have an HCP for snowy plovers at Oceano Dunes SVRA. State Parks has claimed that it has been developing an HCP for the Oceano Dunes SVRA pursuant to section 10 of the ESA for over two decades, but no such plan has been approved by the Service or even noticed for public review.

Activities authorized by the State Parks that are reasonably likely to result in prohibited take of snowy plovers may be enjoined under the ESA.  *See United States v. Town of Plymouth,* 6 F.Supp.2d 81, 91 (D.Mass. 1998) (preliminary injunction issued against township which authorized off-road vehicles on a beach that was habitat for threatened piping plovers); *Defenders of Wildlife v. Administrator, Envtl. Protection Agency*, 688 F. Supp. 1334, 1356-1357 (D. Minn. Apr. 11, 1988) *aff'd*  882 F.2d 1294 (1989) (enjoining the EPA from continuing its registration of strychnine until it could do so without illegally taking protected species of wildlife).

Accordingly, State Parks has violated and continues to violate section 9 of the ESA.  Pursuant to the citizen suit provision of the ESA, 16 U.S.C. sections 1540(g)(1)(A) and (2)(A), the Center is providing you with sixty days' notice of our intention to commence a civil action to challenge

---

[13] 2016 ODSVRA Annual Report, Table G.4, at p. 140; USFWS letter dated Dec. 22, 2016 at 1.

[14] As noted above, the Service has not finalized any section 4(d) special rule for the snowy plover, and it is doubtful that such a rule would authorize taking under these circumstances even if the 2006 proposed rule is eventually finalized.

the foregoing violations of law and any violations that may occur after service of this notice letter, and to seek their remediation in a court of law.

We are hopeful that State Parks will act to prevent take of snowy plovers that results from activities authorized by State Parks, and that representatives of State Parks will contact us prior to the commencement of legal action to discuss State Parks' obligations under the ESA.  If you have any questions about the issues raised in this letter, please feel free to contact us at any time.

Sincerely,

John Buse, Senior Counsel, Legal Director
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, California 94612
(323) 533-4416
jbuse@biologicaldiversity.org

Lisa T. Belenky, Senior Attorney
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA  94612
(510) 844-7107
lbelenky@biologicaldiversity.org

**Attachments (*on disk with hard copy*):**

Attachment 1:   San Luis Obispo County Air Pollution Control District, Notice of Violation Number 2963, dated June 12, 2017

Attachment 2:   2017 Nesting Season Management Plan to Avoid Take of the California Least Tern and Western Snowy Plover at Oceano Dunes State Vehicular Recreation Area, San Luis Obispo County, California, February 2017

Attachment 3:   Nesting of the California Least Tern and Western Snowy Plover at Oceano Dunes SVRA, San Luis Obispo County, California, 2016 Season, November 2016

Attachment 4:   USFWS letter dated Dec. 22, 2016, "Oceano Dunes State Vehicular Recreation Area, Second Notice of Additional Endangered Species Act Violations"

Attachment 5:   USFWS letter dated March 29, 2016, "Oceano Dunes State Vehicular Recreation Area Endangered Species Act Violations and Habitat Conservation Plan"

Attachment 6:   Letter dated January 6, 2017 from Center for Biological Diversity to California Coastal Commission re: "Comments re Oceano Dunes SVRA CDP review: Th14a January12, 2017 Commission Agenda"

Attachment 7:   Letter dated March 3, 2016 from CDFW "2016 Nesting Plan for California Least Tern at Oceano Dunes SVRA"

Attachment 8:   Letter dated July 3, 2015 from CDFW "Management of California least Tern at Oceano Dunes SVRA"

Attachment 9:   Department of Parks and Recreation, OHMVR Division, Oceano Dunes District, Oceano Dunes SVRA and Pismo State Beach, Order No. 554-005-2015, January 26, 2015, Motor Vehicle Operation

*Notice of Intent to Sue for Violations of the Endangered Species Act*
*July 19, 2017*                                                                                       *Page 8*

cc:     (email only)

Jay Chamberlin, Chief Natural Resources Division, Cal. Department of Parks & Recreation,
Jay.Chamberlin@parks.ca.gov
Christopher Conlin, Deputy Director, OHMVR Division, Cal. Department of Parks & Recreation,
christopher.conlin@parks.ca.gov
Kathryn Tobias, Senior Staff Counsel, California Department of Parks and Recreation,
Kathryn.Tobias@parks.ca.gov
Brent Marshall, District Superintendent, California Department of Parks and Recreation,
brent.marshall@parks.ca.gov
Stephen P. Henry, U.S. FWS Field Supervisor, Ventura FWO, Steve_Henry@fws.gov
Lena Chang, Senior Biologist, USFWS, Ventura FWO, lena_chang@fws.gov
Julie Vance, Regional Manager, CDFW Julie.Vance@wildlife.ca.gov
Kevin Hunting, , Chief Deputy Director, California Department of Fish and Wildlife,
Kevin.Hunting@wildlife.ca.gov
Brittany Struck, Natural Resource Management Specialist, U.S. Department of Commerce,
NOAA Fisheries West Coast Region brittany.struck@noaa.gov
California Coastal Commission: John Ainsworth, Acting Executive Director,
john.ainsworth@coastal.ca.gov
Yair Chaver, Coastal Program Analyst, Central Coast District Office, Coastal Commission,
Yair.Chaver@coastal.ca.gov

Attachment B:

June 10, 2020, Supplement to 2017 Notice of Intent to Sue for Violations of Section 9 of the Federal Endangered Species Act for Taking Western Snowy Plover, Oceano Dunes State Vehicular Recreation Area

 CENTER *for* BIOLOGICAL DIVERSITY                    *Because life is good.*

### VIA EMAIL AND CERTIFIED MAIL

June 10, 2020

Wade Crowfoot
Secretary for Natural Resources
Cal. Natural Resources Agency
1416 Ninth Street, Suite 1311
Sacramento, CA 95814
Email: secretary@resources.ca.gov

David Bernhardt
Secretary of the Interior
U.S. Department of the Interior
1849 C Street, N.W.
Washington DC 20240
exsec@ios.doi.gov

Lisa Mangat, Director
Cal. Department of Parks & Recreation
PO Box 942896
Sacramento CA 94296-0001
Email: lisa.mangat@parks.ca.gov

Aurelia Skipwith, Director
U.S. Fish and Wildlife Service
1849 C Street, N.W., Room 3331
Washington DC 20240-0001
Aurelia_Skipwith@fws.gov

Charlton H. Bonham
Director, Cal. Dept of Fish & Wildlife
1416 9th Street, 12th Floor,
Sacramento, CA 95814
Email: director@wildlife.ca.gov

Paul Souza, Regional Director
U.S. Fish and Wildlife Service
Region 8 - Pacific Southwest Region
2800 Cottage Way, Room W-2606
Sacramento, CA 95825
Email: paul_souza@fws.gov

**Re:**    *Supplement to 2017 Notice of Intent to Sue for Violations of Section 9 of the Federal Endangered Species Act for Taking Western Snowy Plover, Oceano Dunes State Vehicular Recreation Area*

Dear Secretary Crowfoot, Director Mangat, and Director Bonham, Regional Director Souza, Director Skipwith, and Secretary Bernhardt,

I am writing on behalf of the Center for Biological Diversity (the "Center") to inform you of violations of the Endangered Species Act, 16 U.S.C. § 1531, *et seq*. ("ESA") arising from activities authorized by the California Department of Parks and Recreation ("State Parks") at Oceano Dunes State Vehicular Recreation Area, and to request that you take immediate action to remedy these violations.  This letter supplements our notice letter dated July 17, 2017 ("2017 Notice"; Attachment A).  The activities described in this notice reflect in at least part a continuation of the unlawful practices and policies set forth in the 2017 Notice. These practices violate the take provisions of the ESA and, if they are not curtailed, the Center intends to promptly commence a civil action against you and other responsible state officials or employees, acting in their official capacity, for violations of section 9 of the ESA.  16 U.S.C. § 1538(a)(1)(B).

*Alaska · Arizona · California · Florida · Minnesota · Nevada · New Mexico · New York · Oregon · Vermont · Washington, DC*

1212 Broadway, Suite 800 · Oakland, CA 94612 · Phone: 510-844-7100 · Fax: 510-844-7150

Background law and information about many ongoing activities that violate the ESA are provided in the 2017 Notice.  Of particular note for this supplemental notice is that Section 9 of the ESA specifically prohibits the "take" of an endangered species, 16 U.S.C. §1538(a)(1)(B), a term broadly defined to include harassing, harming, pursuing, wounding or killing such species, 16 U.S.C. §1532(19). The term "harm" is further defined to include "significant habitat modification or degradation where it ⋯ injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." 50 C.F.R. § 17.3 "Harass" includes any "act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to significantly disrupt normal behavior patterns which include, but are not limited to, breeding, feeding, or sheltering." *Id*. The ESA's legislative history supports "the broadest possible" reading of "take."  *Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 704-05 (1995).

The 2017 Notice explained in detail how the States Parks are taking snowy plovers and other federally protected species by authorizing, facilitating, and failing to take appropriate action to prevent impacts to snowy plover nesting areas from ORVs and other motorized vehicles.

The current status quo on the ground at Oceano Dunes is that snowy plovers are nesting more widely along the beach and foredunes at Oceano Dunes than they have in years where motorized vehicles were riding and parking on the beach and foredunes. Due to the Covid-19 crisis Oceano SVRA was closed to public motorized vehicles on March 28, 2020, and all other state parks were closed to motorized vehicles on March 29, 2020.[1] For the first time in many years, snowy plovers are able to utilize more suitable habitat at ODSVRA for nesting, including in areas where they have not been able to nest in the past due to interference from ORVs and other vehicles on the beach.

When the Center became aware that plover nesting areas are more widespread than in other years,[2] we contacted State Parks staff to ensure that these nesting birds are being adequately protected in keeping with the issues raised in the 2017 Notice. In response, however, State Parks staff provided current documents stating that, far from protecting the nesting plovers, in the interests of facilitating vehicle use in these areas they are actively undertaking measures to prevent and discourage nesting in some areas of Oceano Dunes SVRA in anticipation of reopening the area to motorized vehicles. *(See* Attachment D, email exchange and attachments E, F, G) The document entitled "*Active snowy plover and least tern nests as of 27 May 2020 and total nests found for each area of Oceano Dunes SVRA*" (Attachment F) documents 15 active plover nests (18 nests total) outside the exclosure areas.   The document entitled "*Protocols to protect western snowy plover and California least tern during 2020 Oceano Dunes State Vehicular Area park reopening*" (Attachment D at 1) states that in preparation for reopening to vehicles, staff activities include: "Daily early morning focused monitoring *and clearing* of "Watch Areas" (WA's) where plover scrapes have been found in the riding area – following normal protocols the areas are scanned for plovers and areas are walked to search for nests. *Scrapes found are scuffed out and marked with pin flags*." (Emphasis added.) "Scrapes" are

---

[1] https://www.parks.ca.gov/NewsRelease/947
[2] Center staff documented some of the current environmental conditions on May 15 and 25, 2020 and again on June 7, 2020. (See Report from May 25, 2020, Attachment B; Report from June 7, 2020. Attachment C.)

excavated by male snowy plovers to attract female mates, so "scuffing" out these structures interferes with mating and breeding activities and is a form of harassment and "take" under the ESA. State Parks also stated that as part of these activities "In an attempt to deter nesting in the riding area, staff are placing multiple stakes with streamers in limited areas where scrapes are found." (Attachment C, email response.)

The attached May 25 and June 7 reports (Attachments B and C) document State Parks' use of mylar flags or streamers as a "hazing" technique to discourage plover nesting and habitat use and also document active use of these areas by snowy plovers – both adults and chicks - outside of the exclosure areas between mileposts 4 and 6.

These activities continue and compound the legal violations set forth in the 2017 Notice. As detailed in that Notice, authorizing and facilitating extensive vehicle use in snowy plover breeding areas is a clear violation of Section 9 of the ESA. Regrettably, scaling back or halting vehicle use, the State Parks is undertaking the same kinds practices and others that violate the ESA and implementing regulations. Because all of the State Parks activities to discourage nesting, mating and breeding in the interests of facilitating motorized vehicle use are causing "take" under the federal Endangered Species Act, including by harming and harassing plovers, and State Parks has no permit that covers these activities, it is in violation of section 9 of the ESA. Moreover, because the activities State Parks is undertaking to discourage nesting are intended to, and are in fact, disrupting normal behavior patterns, particularly mating, nesting and breeding, they are prohibited under the section 9 of the ESA and it is clear that State Parks is actively taking snowy plovers in violation of the ESA.[3]

We urge State Parks to immediately cease all activities that take snowy plovers, including actions to discourage nesting and other breeding behaviors. We urge State Parks to act to prevent other take that could result from activities authorized by State Parks, including reopening Oceano Dunes to motorized vehicles at this time. We are hopeful that representatives of State Parks will contact us prior to the commencement of legal action to discuss State Parks' obligations under the ESA. If you have any questions about the issues raised in this letter, please feel free to contact us at any time.

Sincerely,

John Buse, Senior Counsel, Legal Director
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, California 94612
(323) 533-4416
jbuse@biologicaldiversity.org

Lisa T. Belenky, Senior Attorney
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA  94612
(510) 844-7107
lbelenky@biologicaldiversity.org

---

[3] It appears State Parks actions may also be "taking" least terns by interfering with foraging and other normal behaviors in violation of the ESA.

*Supplemental Notice of Intent to Sue for Violations of the Endangered Species Act*
*June 10, 2020*                                                                 *Page 3*

**Attachments (*via email*):**

Attachment A:  2017 Notice

Attachment B:  Report, Oceano Plovers May 25, 2020, Jeff Miller

Attachment C:  Report, Ocean Plovers, June 7, 2020 Jeff Miller

Attachment D:  Email String with Ronnie Glick

Attachment E:  Protocols to protect western snowy plover and California least tern during 2020 Oceano Dunes State Vehicular Area park reopening. Pgs.3

Attachment F:  Active snowy plover and least tern nests as of 27 May 2020 and total nests found for each area of Oceano Dunes SVRA.

Attachment G:  2020 NESTING SEASON MANAGEMENT PLAN TO AVOID TAKE OF THE CALIFORNIA LEAST TERN AND WESTERN SNOWY PLOVER AT OCEANO DUNES STATE VEHICULAR RECREATION AREA, SAN LUIS OBISPO COUNTY, CALIFORNIA

cc:     (email only)

Jay Chamberlin, Chief Natural Resources Division, Cal. Department of Parks & Recreation, Jay.Chamberlin@parks.ca.gov
Dan Canfield, Deputy Director (Acting), OHMVR Division, Cal. Department of Parks & Recreation, dan.canfield@parks.ca.gov
Kathryn Tobias, Senior Staff Counsel, California Department of Parks and Recreation, Kathryn.Tobias@parks.ca.gov
Kevin Pearce, Acting District Superintendent, Oceano Dunes District, Oceano Dunes SVRA, California Department of Parks and Recreation, Kevin.Pearce@parks.ca.gov
Ronnie Glick, Senior Environmental Scientist, California Department of Parks and Recreation, Oceano Dunes District, Ronnie.Glick@parks.ca.gov

Stephen P. Henry, U.S. FWS Field Supervisor, Ventura FWO, Steve_Henry@fws.gov
Lena Chang, Senior Biologist, USFWS, Ventura FWO, lena_chang@fws.gov

Valerie Termini, Chief Deputy Director, California Department of Fish and Wildlife, Valerie.Termini@wildlife.ca.gov
Stafford Lehr, Deputy Director Wildlife and Fisheries Division, California Department of Fish and Wildlife,  Stafford.Lehr@wildlife.ca.gov
Julie Vance, Regional Manager, CDFW Central Region (Region 4) Julie.Vance@wildlife.ca.gov

Alecia Van Atta, Assistant Regional Administrator, California Coastal Office – National Marine Fisheries Service alecia.vanatta@noaa.gov

John Ainsworth, Executive Director, Coastal Commission,
john.ainsworth@coastal.ca.gov
Kevin Kahn,  District Supervisor, Central Coast District Office, California Coastal
Commission: Kevin.Kahn@coastal.ca.gov