1  ROB BONTA
   Attorney General of California
2  JESSICA E. TUCKER-MOHL
   Supervising Deputy Attorney General
3  LEENA M. SHEET
   Deputy Attorney General
4  State Bar No. 235415
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013-1230
     Telephone:  (213) 269-6023
6    Fax:  (916) 731-2121
     E-mail:  Leena.Sheet@doj.ca.gov
7  *Attorneys for Defendant*
   *California Department of Parks & Recreation*
8  *Director Armando Quintero*

9              IN THE UNITED STATES DISTRICT COURT

10              FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                         WESTERN DIVISION

12

13

14 | **Center for Biological Diversity,** | 2:20-cv-09965-AH (ASx) |
|---|---|
| Plaintiff, | **JOINT STIPULATION FOR CONTINUANCE** |
| v. | **[Filed Concurrently with Declaration and Proposed Order]** |
| **Armando Quintero, in his official capacity as Director of California Department of Parks and Recreation; Wade Crowfoot, in his official capacity as California Secretary for Natural Resources,** | Courtroom:  9C<br>Judge:  The Honorable Anne Hwang<br>Trial Date:  November 4, 2025<br>Action Filed:  10/29/2020 |
| Defendants. | |

22     In accordance with Fed. R. Civ. P. 16(b)(4), Rules 7-1 and 16-14 of the

Central District of California Local Rules, and this Court's Standing Order, ECF

No. 49, Plaintiff Center for Biological Diversity (Center) and Defendant Armando

Quintero, Director of the California Department of Parks and Recreation (State

Parks) (together, the "Parties") jointly seek to modify certain deadlines in this case

for the reasons set forth below.

28

1

**Factual Background**

1. The Parties have previously set forth a full description of the factual background giving rise to this action and the principal factual issues in dispute in their Joint Report, ECF No. 44.

2. Fundamentally, however, this action arises from the Center's allegations that State Parks' authorization of motorized vehicle use at and management of the Oceano Dunes State Vehicular Recreation Area (ODSVRA) in San Luis Obispo County has resulted in unpermitted and prohibited "take" of threatened snowy plovers in violation of Section 9 of the Endangered Species Act (ESA) and its implementing regulations, and is reasonably certain to result in the killing, injuring, harming, and harassment of snowy plovers in the future in violation of the ESA. *See* 16 U.S.C. § 1538(a)(1)(A), (G); 50 C.F.R. §§ 17.21(c), 17.31(a). The Center seeks to enjoin State Parks from authorizing motorized vehicle activities that could result in the "take" of snowy plovers without an incidental take permit from the U.S. Fish and Wildlife Service (USFWS).

3. Beginning in 1996, State Parks has undertaken measures at ODSVRA which, according to State Parks, have resulted in the overall protection of the bird populations within park boundaries and have contributed to the recovery of both federally listed species, the western snowy plover and the California least tern. This is the only successful program for the snowy plovers on the Central Coast. As relevant here, before this action was filed, State Parks was in the process of obtaining an incidental take statement under Section 10(a) of the ESA, which provides that otherwise prohibited takings of endangered and threatened fish and wildlife may be allowed by permit if they are "incidental to, and not the purpose of" an otherwise lawful activity. 16 U.S.C. § 1539(a)(1)(B). State Parks' process includes ongoing consultation with the USFWS to determine the best course of action to resolve conflicts between listed species and ongoing vehicular recreation activities. State Parks is currently preparing a revised draft habitat conservation

1  plan, which is required for the issuance of an incidental take permit. *See* 16 U.S.C.
2  § 1539(a)(2)(A). An incidental take permit, issued by USFWS, would exempt an
3  agency from Section 9 liability for any incidental take resulting from the agency
4  action. 16 U.S.C. § 1539(a)(1)(B).

**Settlement Discussions**

6  4.  The Parties have engaged in settlement discussions, including with the
7  Central District Panel mediator, on April 3, 2025. *See* Declaration of Leena M.
8  Sheet (Sheet Decl.) at ¶ 3. The Parties provided a status report on settlement on
9  April 10. *Id.* at ¶ 4. The case did not settle, but the Parties have continued
10 settlement discussions through the Central District Panel mediator that are ongoing
11 to date. *Id.*

**Limited Continued Discovery and Dispositive Motions**

13 5.  The Parties exchanged expert disclosures on April 17, 2025, and rebuttal
14 expert disclosures on June 4, 2025. Sheet Decl. at ¶ 5. The Parties both served
15 additional written discovery requests on July 9, 2025, and Plaintiff served a final set
16 of written discovery requests on July 11, 2025. *Id.* ¶ 6. Plaintiff also took the
17 deposition of Defendant's fact and expert witness, Ronnie Glick, on August 1. *Id.*.
18 6.  On August 1, 2025, as discussed during the Parties' conference on July
19 15, Defendant served Plaintiff with a notice of deposition for Plaintiff's witness,
20 Ileene Anderson, noticing the deposition for August 11, 2025. *Id.* ¶ 7. August 11,
21 2025 is the current discovery cutoff, pursuant to ECF No. 57. *Id*.
22 7.  Plaintiff's witness has limited, intermittent availability on August 11,
23 2025. Sheet Decl. at ¶ 8. In light of this scheduling conflict, the Parties discussed
24 Defendant's preference for additional time to depose Ms. Anderson. *Id.* To allow
25 Defendant sufficient time to depose Ms. Anderson, the Parties are seeking a limited
26 extension of the discovery deadline by 30 days, from August 11 to September 10,
27 2025, for the purpose of accommodating the deposition of Ms. Anderson and
28 potentially two subsequent depositions. *Id.* The Parties have agreed that State Parks

3

1  may elect to take a deposition of Plaintiff's retained expert, Kenneth Smallwood,
2  and Plaintiff may elect to take the deposition of an additional State Parks' non-
3  retained expert, Joanna Iwanicha, during this time frame. *Id.*
4      8.   Additionally, the Parties discussed their intention to move for summary
5  judgment. *Id.* ¶ 9 To allow the Parties sufficient time to prepare a motion for
6  summary judgment and the associated joint brief following the completion of the
7  deposition and forthcoming document discovery, the Parties seek to move the
8  motions hearing deadline. *Id.* To that end, the Parties are seeking an extension of
9  the motions hearing deadline by 56 days, from September 24, 2025, to November
10 19, 2025. *Id.*
11     9.   The Parties believe that modifying the Amended Scheduling and Case
12 Management Order, ECF No, 45, as modified in ECF No. 57, will facilitate the
13 completion of outstanding discovery and summary judgment briefing, and
14 potentially resolve most or all issues short of trial. Sheet Decl. at ¶ 10. To that end,
15 given that this matter is currently set for a bench trial on November 4, 2025, the
16 Parties seek to continue the pretrial conference and trial dates from October 15 and
17 November 4, respectively, to March 18 and April 7, 2026. *Id.*
18     10.  The Parties previously sought to amend the rebuttal expert disclosure
19 deadline, discovery cut-off, and motions hearing cut-off in the Amended
20 Scheduling and Case Management Order, most recently on May 7, 2025, ECF No.
21 56, which was granted on May 12, 2025, No. ECF 57. Sheet Decl. at ¶ 11. Since
22 then, the Parties have engaged in settlement discussions, exchanged expert rebuttal
23 reports, and have conducted additional discovery. *Id.* Prior to that, at the request of
24 the Parties, the Court reset the trial and related deadlines on January 6, 2025, ECF
25 No. 51, to facilitate good faith settlement negotiations and minimize expenses
26 associated with ongoing discovery and trial preparation. Sheet Decl. at ¶ 12. The
27 Court also reset the trial and related deadlines on May 21, 2024, ECF No. 45, when
28 a stay in the matter was vacated and deadlines were set. Sheet Decl. at ¶ 12.

**Proposed Schedule Modifications**

11. The Parties current and proposed deadlines are set forth below:

| Matter | Current Schedule | Proposed Schedule |
|---|---|---|
| Bench Trial | November 4, 2025 at 8:30 a.m. | April 7, 2026 at 8:30 a.m. |
| Pretrial Conference | October 15, 2025 at 1:30 p.m. | March 18, 2026 at 1:30 p.m. |
| Last day for hearing motions | September 24, 2025 | November 19, 2025 |
| Discovery Cut-Off | August 11, 2025 | September 10, 2025 * For limited purpose of three depositions |

For the foregoing reasons, the Parties respectfully request that the Court approve the stipulation and continue the case deadlines as outlined in this stipulation and in the attached proposed order.

Dated: August 7, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JESSICA E. TUCKER-MOHL
Supervising Deputy Attorney General

LEENA M. SHEET
Deputy Attorney General
*Attorneys for Defendant California Department of Parks & Recreation Director Armando Quintero*

Dated: August 7, 2025

Respectfully submitted,

*/s/ Zeynep J. Graves*
Zeynep J. Graves (CA Bar No. 298533)
Lisa T. Belenky (CA Bar No. 203225)
John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, California 94612
Telephone: (510) 844-7117
Facsimile: (510) 844-7150
lbelenky@biologicaldiversity.org
jbuse@biologicaldiversity.org
zgraves@biologicaldiversity.org

*Attorneys for Plaintiff*

I, Leena M. Sheet, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

LA2020603538
67837371.docx

6

# CERTIFICATE OF SERVICE

Case Name: **Center for Biological Diversity v. Armando Quintero, et al.**   No. **2:20-cv-09965-AH (ASx)**

I hereby certify that on <u>August 7, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STIPULATION FOR CONTINUANCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 7, 2025</u>, at Los Angeles, California.

| Janice Park | */s/ Janice Park* |
|---|---|
| Declarant | Signature |

LA2020603538
67840414.docx