UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09965-AH-(ASx) | Date | April 9, 2026 |
| Title | *Center For Biological Diversity v. Armando Quintero et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING REQUEST FOR PERMANENT
INJUNCTION AND DECLARATORY RELIEF**

On October 29, 2020, Plaintiff Center for Biological Diversity ("Plaintiff")
filed this citizen suit under the Endangered Species Act ("ESA"), 16 U.S.C. §§
1531-1544, and its implementing regulations. Compl., Dkt. No. 1. On November
20, 2025, the Court granted Plaintiff's Motion for Summary Judgment. Dkt. No.
64. On March 4, 2026, Plaintiff and Defendant Armando Quintero, in his official
capacity as Director of California Department of Parks and Recreation
("Defendant"), submitted opening briefs regarding the appropriate remedy
following the Court's Order Granting Plaintiff's Motion for Summary Judgment.
Pl. Opening Br., Dkt. No. 76; Def. Opening Br., Dkt. No. 77. Plaintiff and
Defendant filed response briefs. Pl. Resp., Dkt. No. 79; Def. Resp., Dkt. No. 78.
The Court heard oral argument on April 9, 2026. Having considered the parties'
submissions on the remedy, the relevant law, and the record in this case, the Court
GRANTS Plaintiff's request for permanent injunction and declaratory relief.

## I.    BACKGROUND[1]

The California Department of Parks and Recreation ("State Parks") operates the Oceano Dunes State Vehicular Recreation Area ("Oceano Dunes SVRA") in San Luis Obispo County.  JAF 1, 3.  State Parks permits off-highway vehicle ("OHV") use and vehicular camping within the dunes portion of the Oceano Dunes SVRA.  JAF 4.  State Parks also permits beach driving by street-legal vehicles within the beach portion of the Oceano Dunes SVRA.  JAF 5.  The U.S. Fish and Wildlife Service (the "Service") designated portions of the Oceano Dunes SVRA, including those open to permitted motorized vehicle use, as a "critical habitat" for the western snowy plover (*Charadrius nivosus nivosus*).  JAF 6, 8.

The snowy plover is a small, sand-colored shorebird which is designated as a threatened species under the Endangered Species Act ("ESA").  JAF 9, 6.  Snowy plovers nest and breed within the Oceano Dunes SVRA between March and September.  JAF 7.  Around 2001 or 2002, State Parks began developing a Habitat Conservation Plan ("Draft HCP") pursuant to Section 10(a)(1)(B) of the ESA to obtain incidental take coverage for snowy plovers.  JAF 14.  State Parks has not finalized its HCP and has not obtained an incidental take permit.  JAF 15.  State Parks maintains a natural resources management program intended to address impacts to snowy plovers and other protected birds at the Oceano Dunes SVRA.  JAF 16.  During State Park's management, the population of breeding adult snowy plovers has increased from approximately 30 breeding adults in 2002 to over 200 in 2024.  JAF 74.

Despite State Parks' natural resources management program, State Parks has documented incidents in which snowy plovers have been killed and harmed due to motorized vehicle use at the Oceano Dunes SVRA since March 21, 2001.  JAF 18.  Additionally, in areas of the Oceano Dunes SVRA open to OHVs, vehicles can and do drive through flocks of roosting snowy plovers.  JAF 41.  Snowy plovers tend to roost in vehicle tracks at the Oceano Dunes SVRA.  JAF 41.  Snowy plovers at the

---

[1] Under Federal Rule of Civil Procedure 52, "a district court must set forth findings of fact and conclusions of law supporting an order granting an injunction."  *See Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004).  The facts summarized in this section constitute the Court's findings of fact pursuant to Rule 52(a) and are taken from the Parties' Joint Appendix of Facts ("JAF) and evidence submitted in support of the previous Motion for Summary Judgment.

Oceano Dunes SVRA are flushed from roosts and forced to move or expend energy
to avoid vehicles.  JAF 42.  The Draft HCP notes that motorized vehicle activities,
as well as activities other than motorized vehicle use, have the potential to impact
snowy plovers, including camping, pedestrian use, bicycling, fishing, and
equestrian riding, among others.  JAF 84.

## II.    LEGAL STANDARD

### A.    Permanent Injunction

"A plaintiff seeking a permanent injunction must show: (1) that it has
suffered an irreparable injury; (2) that remedies available at law, such as monetary
damages, are inadequate to compensate for that injury; (3) that, considering the
balance of hardships between the plaintiff and defendant, a remedy in equity is
warranted; and (4) that the public interest would not be disserved by a permanent
injunction." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803,
817 (9th Cir. 2018).

"'[T]he ESA strips courts of at least some of their equitable discretion in
determining whether injunctive relief is warranted.'" *Id.* (quoting *Cottonwood
Envt'l Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1090 (9th Cir. 2015)).  "When
considering an injunction under the ESA, we presume that remedies at law are
inadequate, that the balance of interests weighs in favor of protecting endangered
species, and that the public interest would not be disserved by an injunction." *Id.*
However, the Court retains equitable discretion over the first factor, irreparable
injury.  *Id.* at 818.  Plaintiff must still "demonstrate that irreparable injury 'is *likely*
in the absence of an injunction.'" *Id.* (quoting *Winter v. Nat. Res. Def. Council,
Inc.*  555 U.S. 7, 22 (2008)).  "[I]njunctive relief must be tailored to remedy the
specific harm." *Melendres v. Arpaio,* 784 F.3d 1254, 1265 (9th Cir. 2015) (internal
quotation marks and citations omitted).

### B.    Declaratory Relief

The party seeking declaratory relief must show an actual controversy
regarding matter within the court's subject matter jurisdiction.  *MedImmune, Inc. v.
Genentech, Inc.*, 549 U.S. 118, 126-27 (2007).  Under 28 U.S.C. § 2201, a court
"may declare the rights and other legal relations of any interested party seeking
such declaration, whether or not further relief is or could be sought."  28 U.S.C. §
2201.  "The decision to grant declaratory relief is a matter of discretion." *United
States v. State of Wash.*, 759 F.2d 1353, 1356 (9th Cir. 1985) (en banc) (citations

---

omitted).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  *Id.* at 1357.

## III.   DISCUSSION

### A.   Prudential Mootness

"The doctrine of prudential mootness permits a court to 'dismiss an appeal not technically moot if circumstances have changed since the beginning of litigation that forestall any occasion for meaningful relief....'"  *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 744 F.3d 1124, 1135 (9th Cir. 2014) (citation omitted).  "[U]nlike constitutional mootness," where a court must determine whether a case or controversy exists under Article III of the Constitution, "the prudential mootness doctrine is discretionary."  *White v. United States Army Corps of Eng'rs*, 659 F. Supp. 3d 1045, 1051 (N.D. Cal. 2023) (citing *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1142 (9th Cir. 2009)).[2]  Defendant argues the Court should dismiss or stay[3] the action because the Service has initiated and imminently will issue an incidental take permit ("ITP") pursuant to Section 10 of the ESA.  Def. Opening Br. at 5.  Defendant asserts the ITP will "provide formal take authorization, mitigation, and monitoring with ongoing consultation with and supervision" by the Service, thus making judicial intervention, such as an injunction prohibiting activities resulting in the take of the snowy plover, unnecessary.  *Id.* at 9.  Plaintiff asserts, and Defendant does not dispute, that Defendant's authorization of OHV use at Oceano Dunes SVRA continues to result in take of the snowy plover.  Pl. Opening Br. at 3.  Moreover, there is an insufficient basis for the Court to find when and whether an ITP will issue.  The Court concludes that the remedy requested by Plaintiff will relieve the injury.  Both a declaration that Defendant has violated the ESA and an injunction preventing the harmful OHV activities provide meaningful relief to Plaintiff, as take of the snowy

---

[2] As explained further in *White v. United States Army Corps of Eng'rs*, 659 F. Supp. 3d 1045, 1052 (N.D. Cal 2023), "it remains contested whether prudential mootness is a generally applicable doctrine or limited to the bankruptcy context alone."  The Court does not find that dismissal or a stay is appropriate, even if the doctrine applies here.

[3] Although Defendant references a stay, Defendant does not seek to justify his request.  Def. Opening Br. at 10.

plover remains ongoing without a permit.  *See, e.g., California Trout, Inc. v. United States Bureau of Reclamation*, 115 F. Supp. 3d 1102, 1116 (C.D. Cal. 2015) (declining to dismiss ESA claims as prudentially moot where Defendant Bureau of Reclamation's operation of its watering system continued to harm Southern California steelhead, despite Defendant having begun repairs to the system).

### B.      Permanent Injunction

"Although not every statutory violation leads to the 'automatic' issuance of an injunction, in the context of the ESA, 'the test for determining if equitable relief is appropriate is whether an injunction is necessary to effectuate the congressional purpose behind the statute.'"  *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 422 F.3d 782, 795 (9th Cir. 2005).  "The 'plain intent' of Congress in enacting the ESA was 'to halt and reverse the trend toward species extinction, whatever the cost.'"  *Nat'l Wildlife Fed'n*., 886 F.3d at 818 (citations omitted).  "The ESA accomplishes its purpose in incremental steps, which include protecting the remaining members of a species," by, for example, prohibiting the "take" of any animal from a listed species.  *Id.*; *see also* 16 U.S.C. § 1538(a)(1)(B).

Here, it is undisputed that "Defendant has authorized motorized vehicle use at the Oceano Dunes SVRA resulting in the take of snowy plovers" and that "additional 'take' is reasonably and foreseeably likely to occur in the future.'" Order Granting Pl.'s Mot. for Summ. J. at 10.  "Harm to" the snowy plovers "is irreparable because '[o]nce a member of an endangered species has been injured, the task of preserving that species becomes all the more difficult.'"  *Nat'l Wildlife Fed'n.*, 886 F.3d at 818 (citation omitted); *see also, e.g., Cascadia Wildlands v. Scott Timber Co.*, 715 F. App'x 621, 624 (9th Cir. 2017) ("In its approach to evaluating irreparable harm, the district court correctly required harm to Cascadia's interest in individual members of the marbled murrelet species as opposed to harm to the entire species itself.").  "Showing an extinction-level threat to listed species is not required before an injunction can issue under the ESA."  *Nat'l Wildlife Fed'n*, 886 F.3d at 819.  Because take of the snowy plover has occurred and is likely to occur in the future, the Court finds Plaintiff has demonstrated an irreparable injury and that injunctive relief is necessary to prevent further take of the snowy plover unless and until the State Parks obtains an incidental take permit ("ITP") pursuant to Section 10 of the ESA.

Defendant argues that if an injunction is issued, it should be limited to ordering Defendant to obtain an ITP and adhere to the avoidance and mitigation

---

measures outlined in Defendant's Draft HCP.  Defendant argues that these measures, as drafted, are "specifically tailored to reduce vehicle-related impacts on covered species, particularly the western snowy plover, while permitting continued motorized recreation in designated" areas.  Def. Opening Br. at 13.  While the Court acknowledges the ITP may bring finality to the question of what activities are permitted in Oceano Dunes SVRA, the Court finds injunctive relief prohibiting OHV activities necessary and narrowly tailored to prevent further take of the snowy plover until an ITP issues.  Moreover, the Court is not persuaded by Defendant's argument that its 2025 Draft HCP measures will prevent harm to the snowy plover, given those measures have not yet been approved by the Service.

Underlying the Court's finding that the requested injunction is narrowly tailored is a concern with depending on the timeliness of the ITP process as the basis for denying injunctive relief.  As explained in Defendant's Opening Brief, in February 2020, State Parks submitted its initial Draft HCP to the service, after nearly 20 years of development, but the ITP process was stalled due to ongoing litigation challenging motorized vehicle use at Oceano Dunes SVRA.  Def. Opening Br. at 3-4.  More than five years later, on November 24, 2025, the Service published a notice of receipt of the States Parks ITP application.[4]  *Id.* at 5, 12.  Defendant asserts that a decision on the ITP application is expected soon and attaches an email from a Service Field Supervisor stating that she "anticipate[s] that [she] will make a permit decision by May 22, 2026," approximately six months after the Service's published notice of receipt.  *Id.*; Glick Decl., Dkt. No. 77-1 ¶ 12, Ex. C.  Even if an ITP application decision issues by May 22, 2026, Defendant makes no representations that it will stop or limit the OHV activities resulting in the take of snowy plover until that date.  Moreover, the Court cannot order that the ITP application be processed sooner.[5]  Because take of the snowy plover is likely to continue, the Court finds injunctive relief is appropriate and

---

[4] On March 4, 2026, Defendant filed a request for judicial notice of Services' receipt of Defendant's ITP Application and Draft HCP and Draft Environmental Assessment.  Dkt. No. 77-2.  Plaintiff does not object to the Court's consideration of the documents.

[5] Defendant curiously argues that the request for an injunction until an ITP is obtained might be more appropriate if the circumstances were different, such as if Defendant had not yet begun the ITP application process.  Def. Opening Brief at 12.  But this would result in an apparently lengthy period of time for the injunction; here, Defendant argues that the injunction will only be in place for less than two months.

---

narrowly tailored.  The Court also finds an injunction preventing the use of OHV in Oceano Dunes SVRA is appropriately tailored as it targets the offending activity in the subject area; Plaintiff asserts that "[n]o portion of Oceano Dunes SVRA south of Arroyo Grande Creek that is open to motorized vehicles lies outside snowy plover habitat."  Pl. Opening Brief.  Graves Decl. ¶ 3, Ex. A at 42, 47.

### C.    Declaratory Relief

The Court finds declaratory relief is appropriate in light of the Court's previous ruling that Defendant's authorization of motorized vehicle use at Oceano Dunes SVRA resulted in the take of snowy plovers and that such take is reasonably and foreseeably likely to occur in the future.  Order Granting Pl.'s Mot. for Summ. J. at 10.  There is an actual controversy and the requested declaration serves a useful purpose in clarifying and settling the legal relations in issue.  Here, Plaintiff alleges and Defendant does not dispute that Defendant has continued to authorize such activity despite the Court's Order and that take of the snowy plover is "ongoing."  Pl. Opening Br. at 3, 9.  The Court finds that a declaration consistent with its liability ruling would further clarify Defendant's legal obligations and prevent future take of the snowy plover until an ITP issues.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's request for permanent injunction and declaratory relief.  The Court finds and orders as follows:

Defendant has violated the Endangered Species Act, 16 U.S.C. §§ 1531-1544, and its implementing regulations, specifically 16 U.S.C. § 1538(a)(1)(B), (a)(1)(G), (g); 50 C.F.R. §§ 17.11(h), 17.21(c), 17.31(a), by authorizing off-highway motorized vehicle activity at Oceano Dunes State Vehicular Recreation Area that results in the take of federally protected western snowy plovers.

Defendant is enjoined from issuing new permits or authorizations of motorized vehicle activities in Oceano Dunes State Vehicular Recreation Area south of Arroyo Grande Creek in snowy plover critical and occupied habitat that result in the take of western snowy plovers absent a valid incidental take permit issued by the U.S. Fish and Wildlife Service pursuant to Section 10 of the ESA, 16

U.S.C. § 1539(a)(1)(B), with a limited exception for State Parks' management, emergency, and ranger or other law-enforcement vehicles.

**IT IS SO ORDERED.**